UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
SEP 27 2007
CLERK, US DISTRICT COURT, WDNY

BOOTH OIL SITE ADMINISTRATIVE
GROUP,

                       Plaintiff,

v.                                    ORDER
                                        98-CV-696(A)

SAFETY-KLEEN CORPORATION, et al.

                       Defendants.

     This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1). During pretrial proceedings, the parties filed various motions for summary judgment and to dismiss. On June 29, 2007, Magistrate Judge Schroeder filed a Report and Recommendation, addressing the various motions.

     Both plaintiff and defendants Booth Oil Co., Inc., Lonsdale Slater Schofield, Ahsen Yelkin, EC Holdings, Inc., Joseph Chalhoub, Breslube Industries Limited, and Speedy Oil Services, Inc., filed objections to the Report and Recommendation on August 15, 2007. Oral argument on the objections was held on September 19, 2007. On September 24, 2007, defendant Lonsdale Slater Schofield filed a reply memorandum, with the Court's permission.

     Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the Report and Recommendation to which

objections have been made. Upon a de novo review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of the Report and Recommendation.

Accordingly, for the reasons set forth in Magistrate Judge Schroeder's Report and Recommendation, the Court:

**GRANTS** Lonsdale Schofield's motion (Dkt. #162), to dismiss the first cause of action (CERCLA), without prejudice;

**DENIES** Lonsdale Schofield's motion (Dkt. #162), to dismiss the fourth cause of action (enforcement of Booth Oil's Liquidating Plan);

**GRANTS** Lonsdale Schofield's motion (Dkt. #162), to dismiss the sixth cause of action (New York Debtor & Creditor Law § 276);

**GRANTS** Lonsdale Schofield's motion (Dkt. #162), to dismiss the seventh cause of action (New York Debtor & Creditor Law § 273); and

**DENIES** Lonsdale Schofield's motion (Dkt. #162), to dismiss the eighth cause of action (breach of fiduciary duty);

**GRANTS** Schofield Oil's motion (Dkt. #162), to dismiss the first cause of action (CERCLA), without prejudice;

**GRANTS** Schofield Oil's motion (Dkt. #162), to dismiss the fourth cause of action (enforcement of Booth Oil's Liquidating Plan), without prejudice on the ground that it is not properly before the court;

**GRANTS** Schofield Oil's motion (Dkt. #162), to dismiss the sixth cause of action (New York Debtor & Creditor Law § 276), without prejudice on the ground that it is not properly before the court;

**GRANTS** Schofield Oil's motion (Dkt. #162), to dismiss the seventh cause of action (New York Debtor & Creditor Law § 273), without prejudice on the ground that it is not properly before the court;

**ORDERS** that Schofield Oil be terminated as a defendant in this action;

**DENIES** Booth Oil's motion (Dkt. #165), for partial summary judgment dismissing the fifth cause of action (accounting);

**DENIES** Joseph Chalhoub's motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the first cause of action (CERCLA);

**DENIES** Joseph Chalhoub's motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the second and third causes of action (Navigation Law liability);

**DENIES** Joseph Chalhoub's motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the fourth cause of action (enforcement of Booth Oil's Liquidating Plan);

**GRANTS** Joseph Chalhoub's motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the sixth cause of action (New York Debtor & Creditor Law § 276);

**GRANTS** Joseph Chalhoub's motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the seventh cause of action (New York Debtor & Creditor Law § 273);

**DENIES** Joseph Chalhoub's motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the eighth cause of action (breach of fiduciary duty);

**DENIES** Breslube Industries' motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the first cause of action (CERCLA);

**DENIES** Breslube Industries' motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the second & third causes of action (New York Navigation Law);

**GRANTS** 118958 Canada's motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the fourth cause of action (enforcement of Booth Oil's Liquidating Plan), without prejudice on the ground that it is not properly before the court;

**GRANTS** 118958 Canada's motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the sixth cause of action (New York Debtor & Creditor Law § 276);

**GRANTS** 118958 Canada's motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the seventh cause of action (New York Debtor & Creditor Law § 273);

**ORDERS** that 118958 Canada be terminated as a defendant in this action;

**DENIES** Speedy Oil's motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the first cause of action (CERCLA);

**GRANTS** Speedy Oil's motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the fourth cause of action (enforcement of Booth Oil's Liquidating Plan), without prejudice on the ground that it is not properly before the court;

**GRANTS** Speedy Oil's motion (Dkt. ##173 & 179), to dismiss and/or for summary judgment on the sixth cause of action (New York Debtor & Creditor Law § 276), without prejudice on the ground that it is not properly before the court;

**GRANTS** plaintiff's motion (Dkt. #175), for summary judgment against Booth Oil on the first cause of action (CERCLA liability);

**GRANTS** plaintiff's motion (Dkt. #175), for summary judgment against Booth Oil on the second and third causes of action (Navigation Law liability);

**DENIES** plaintiff's motion (Dkt. #175), for judgment in the amount of $1,475,000.00, as a matter of law, against Booth Oil as damages on the environmental claims;

**GRANTS** plaintiff's motion (Dkt. #175), for a declaration that Booth Oil's transfer of $450,000 to EC Holdings violated the terms of the Liquidating Plan;

**GRANTS** plaintiff's motion (Dkt. #175), for a declaration that Booth Oil's transfer of $300,000 to Katherine Street Properties on August 15, 1994, violated the terms of the Liquidating Plan;

**GRANTS** plaintiff's motion (Dkt. #175), for a declaration that Booth Oil's transfer of $275,000 to George Booth, III on October 7, 1994, violated the terms of the Liquidating Plan;

**DENIES** plaintiff's motion (Dkt. #189), for summary judgment against George Booth, III, Joseph Chalhoub, Lonsdale Schofield, EC Holdings, Ahsen Yelkin, and Katherine Street Properties with respect to the fourth cause of action (enforcement of Booth Oil's Liquidating Plan);

**GRANTS** plaintiff's motion (Dkt. #175), for summary judgment with respect to the fifth cause of action against Booth Oil (accounting);

**DENIES** Ahsen Yelkin's motion (Dkt. #183), to dismiss and/or for summary judgment on the first cause of action (CERCLA);

**DENIES** Ahsen Yelkin's motion (Dkt. #183), to dismiss and/or for summary judgment on the second & third causes of action (Navigation Law liability);

**GRANTS** Ahsen Yelkin's motion (Dkt. #183), to dismiss and/or for summary judgment on the fourth cause of action (enforcement of Booth Oil's Liquidating Plan); and

**DENIES** Ahsen Yelkin's motion (Dkt. #183), to dismiss and/or for summary judgment on the sixth cause of action (New York Debtor & Creditor Law § 276);

**GRANTS** EC Holdings' motion (Dkt. #183), to dismiss and/or for summary judgment on the fourth cause of action (enforcement of Booth Oil's Liquidating Plan); and

**DENIES** EC Holdings' motion (Dkt. #183), to dismiss and/or for summary judgment on the sixth cause of action (New York Debtor & Creditor Law § 276).

Counsel shall appear on October 31, 2007, at 9:00 a.m. for a meeting to set a trial date.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: September 28, 2007