UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BOOTH OIL SITE ADMINISTRATIVE
GROUP,

                        Plaintiff,

                                                    DECISION AND ORDER
            v.                                      98-CV-696A

GEORGE T. BOOTH, JR., et al.,

                        Defendants.

## INTRODUCTION

Currently before the Court is a motion of plaintiff Booth Oil Site

Administrative Group ("BOSAG") for various forms of relief, including: (1) an order

compelling defendants Joseph Chaloub; Lonsdale Slater Schofield; George T. Booth,

III; Ahsen Yelkin; Booth Oil Company, Inc. ("Booth Oil"); Schofield Oil Limited; 18958

Canada Limited; Speedy Oil Services, Inc.; Breslube Industries Limited; EC Holdings

Corp; and Katherine Street Properties, Inc., as well as several non-defendants, to

obtain and disclose their tax returns for the period June 6, 1985 to the present; (2) an

order, pursuant to Rule 67 of the Federal Rules of Civil Procedure, requiring Booth Oil

to deposit with the Court the contingency fund currently under its control, or in the

alternative, an order, pursuant to Rule 66 of the Federal Rules of Civil Procedure,

appointing a receiver to take control of the contingency fund, pursuant to Rule 66 of the

Federal Rules of Civil Procedure; (3) an order permitting plaintiff BOSAG to file

pleadings on behalf of defendant Booth Oil to assert a cross-claim by Booth Oil against

defendants Ahsen Yelkin and EC Holdings Corp.; (4) permission to conduct one

additional day of deposition of defendant Ahsen Yelkin pursuant to Rules 30(a)(2)(B)

and 26(b)(2)(A) of the Federal Rules of Civil Procedure; and (5) an order requiring the

defendants to comply with Rule 7.1 of the Federal Rules of Civil Procedure, which

requires nongovernmental corporate parties to file a statement identifying any parent

corporation and any publicly held corporation that owns 10% or more of its stock or

stating that there is no such corporation.  Defendants have filed memoranda opposing

BOSAG's various requests for relief.


## DISCUSSION

### A.    Disclosure of Tax Returns

Plaintiff BOSAG requests that most of the named defendants, as well as

several nondefendants, disclose their income tax returns for the years 1985 to present.

The Court finds that such relief is appropriate under the facts and circumstances

present here.

A litigant seeking production of tax returns must demonstrate that (1) the

requested tax information is relevant to the subject matter of the action, and (2) there is

a compelling need for the information because it is not otherwise readily available.  See

Trudeau v. New York State Consumer Protection Bd., 237 F.R.D. 325, 331-32

(N.D.N.Y. 2006).  The Court finds that BOSAG has met this standard.

With regard to the first prong, the tax returns are relevant in this case for

2

two reasons.  First, they are relevant to the accounting that the Court has ordered

defendant Booth Oil to perform.  The tax returns may include information regarding

transfers of funds from Booth Oil to the various defendants.  Second, with regard to at

least some of the defendants, the tax returns are relevant to the issue of ability to pay if

in fact CERCLA liability is found.  The financial resources of the defendant is one

equitable factor that may be considered in the CERCLA allocation process.  See United

States v. R.W. Meyer, Inc., 932 F.2d 568, 572-73 (6th Cir. 1991).

With regard to the second prong, BOSAG has shown that disclosure of

the tax returns are needed to aid the Booth Oil accounting ordered by the Court.

BOSAG's counsel represents in ¶ 27 of his affidavit that Booth Oil's counsel has

communicated to him that records regarding several bank accounts formerly held by

Booth Oil are no longer available because they have been destroyed in the ordinary

course of business.  None of the defendants has disputed this statement.  Thus, there

is a compelling need for disclosure of the tax returns.

In addition, the Court also finds that the disclosure of the requested tax

returns will expedite resolution of this case.  Defendants argue that disclosure of the tax

returns is premature and that the Court should wait until the accounting is complete.

However, this case is already almost ten years old and, in the interests of justice, must

be expedited as much as possible.

Accordingly, the Court grants BOSAG's motion and shall order the

defendants to obtain and disclose their tax returns for the period 1985 to the present.[1]

---

[1]      It is the Court's understanding that some of these tax returns have already been
disclosed.

3

The Court will, however, require that the disclosure be subject to the same confidentiality agreement previously agreed to in this case.

The Court denies BOSAG's motion for disclosure of tax returns of nondefendants, without prejudice.  If in the future it becomes apparent that such disclosure is necessary, BOSAG may again apply for such relief.


**B.**     **Deposit of Contingency Fund and Appointment of Receiver**

BOSAG moves the Court for an order requiring defendant Booth Oil to deposit with the Court the contingency fund currently under its control, or in the alternative, appointing a receiver to take control of the contingency fund.  The Court finds that such relief is not required at this time.  Booth Oil is represented by competent counsel who will advise Booth Oil of its obligations regarding the fund.


**C.**     **Amendment of Booth Oil Pleadings**

BOSAG has asked for an order permitting BOSAG, on behalf of defendant Booth Oil, to amend Booth Oil's pleadings to interpose a cross-claim by Booth Oil against defendants Ahsen Yelkin and AC Holdings Corp.  As stated, Booth Oil is represented by competent counsel and if such a claim exists on behalf of Booth Oil, counsel is capable of advising Booth Oil as to whether or not it should assert such a claim.  Accordingly, BOSAG's request for relief is denied, without prejudice.

**D.**     **Deposition of Defendant Ahsen Yelkin**

BOSAG has asked for an additional day of deposition of defendant Ahsen Yelkin.  The Court grants plaintiff's request.  There shall be no further extensions, however.

**E.**     **Corporate Disclosure Statement**

BOSAG asks that the Court require the defendants to file a corporate disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure.[2]  The Court notes that this Rule was not in effect at the time this lawsuit was initially filed. Nevertheless, the Court shall order the corporate defendants to comply with Rule 7.1 by no later than February 18, 2008.

**CONCLUSION**

For the reasons stated, the Court: (1) grants BOSAG's motion requiring the defendants to obtain and disclose their tax returns for the years 1985 to present' (2) orders that such disclosure be made by March 3, 2008; (3) orders that any disclosure of tax returns be subject to the same confidentiality agreement previously agreed to in this case; (4) denies, without prejudice, BOSAG's request for various nondefendants to disclose tax returns; (5) denies, without prejudice, BOSAG's motion for an order requiring Booth Oil to deposit the contingency fund with the Court or appointing a receiver; (6) denies, without prejudice, BOSAG's motion to amend Booth Oil's pleadings

---

[2]     This requirement is also present in Rule 5.1(e) of the Local Rules of Civil Procedure.

to interpose a cross-claim by Booth Oil against defendants Ahsen Yelkin and AC

Holdings Corp.; (7) grants BOSAG's motion for one additional day of deposition of

defendant Ahsen Yelkin; (8) orders that such deposition be completed by March 3,

2008.; (9) grants BOSAG's motion for an order requiring the corporate defendants to

file corporate disclosure statements pursuant to Rule 7.1; and (10) orders that such

disclosure statements be filed by February 18, 2008.


SO ORDERED.

s/ *Richard J. Arcar*a
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  January 28, 2007