UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BOOTH OIL SITE ADMINISTRATIVE
GROUP,

                Plaintiff,

    v.                                    ORDER
                                        98-CV-696(A)

SAFETY-KLEEN CORPORATION, et al.

                Defendants.

---

        Pursuant to Orders filed September 27, 2007 and November 1, 2007, the Court ordered defendant Booth Oil Company, Inc. ("Booth Oil") to provide the Court and all parties with an accounting relative to amounts earned subsequent to its bankruptcy filing on June 6, 1985.  On April 1, 2008, the plaintiff, Booth Oil Site Administrative Group ("BOSAG"), filed a motion, *inter alia*, to compel Booth Oil to prepare and provide a more "detailed, audited, line-by- line" accounting.  BOSAG argues that the accounting provided by Booth Oil is inadequate.  On April 11, 2008, Booth Oil filed a response to the motion to compel, contending that any alleged inadequacy in the accounting is the result of missing records, a circumstance over which Booth Oil has no control.

        Pursuant to Rule 706 of the Federal Rules of Evidence, the Court, on its own motion, hereby orders counsel for the parties to appear on April 24, 2008, at 9:00 a.m., to show cause why the Court should not appoint Mr. Kelly G. Besaw, CPA, CVA, of the accounting firm Chiampou, Travis, Besaw and Kershner, LLP, located at 45 Bryant Woods North, Amherst, NY 14228, as an expert witness in this case.  Mr. Besaw

would be required to prepare an independent accounting of the income and expenses of Booth Oil from June 6, 1985 to the present, and to provide a copy of such accounting to the Court and the parties by a date to be set by the Court.  Mr. Besaw would be required to testify at deposition and at trial regarding his accounting.  Mr. Besaw would be paid reasonable compensation for his services, with such compensation to be paid equally by plaintiff BOSAG and defendant Booth Oil at a rate and on a schedule to be determined by the Court.  At such time as the Court directs, Mr. Besaw's fees would be taxed in like manner as other court costs.   The Clerk of Court shall mail a copy of this Order to Mr. Besaw at the above address.  Mr. Besaw shall be present at the April 24, 2008, 9:00 a.m. proceeding.

       SO ORDERED.

                                          s/ *Richard J. Arcar*a
                                          HONORABLE RICHARD J. ARCARA
                                          CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT

DATED:  April     17     , 2008