UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BOOTH OIL SITE ADMINISTRATIVE GROUP,
an unincorporated association, by and
through its members, et al.,

                          Plaintiffs,

                v.                                    ORDER
                                                               98-CV-696A

AHSEN YELKIN AND
E.C. HOLDINGS CORP.
                        Defendants.

Currently before the Court is a motion by defendants Ahsen Yelkin and EC Holdings Corp. seeking to compel the deposition testimony of former co-defendant Joseph Chalhoub. Mr. Chalhoub is a resident of Montreal, Quebec. In the motion, defendants assert that they had served a notice of deposition upon Mr. Chalhoub when he was a party to this action. As defendants correctly note, Rule 30(a)(2) permits a party to take the deposition of another party upon reasonable written notice. At the time that notice was served, Mr. Chalhoub was a party. However, on October 29, 2010, Mr. Chalhoub entered into a settlement with plaintiff pursuant to which Mr. Chalhoub was discontinued as a party to this action. This Court so ordered that stipulation of dismissal.

As a result of his dismissal from this litigation, Mr. Chalhoub takes the position that he is no longer subject to a notice of deposition pursuant to Fed. R. Civ. P. 30. Defendants have filed the motion to compel Mr. Chalhoub to appear for a deposition.

Defendants state that "[b]ecause Mr. Chalhoub was duly noticed for examination at a time when no dismissal entry was of record, Mr. Yelkin and EC [Holding]'s right to conduct his examination was perfected and is not obviated by subsequent developments." (*See* Dkt. 489, at 6). However, defendants fail to cite any authority supporting their position that this Court has authority to compel Mr. Chalhoub to appear for a deposition even though he is no longer a party and does not reside in this District.

It would appear that Rule 45, not Rule 30, governs a motion to compel the attendance of a nonparty deponent residing outside of the District. Defendants have not demonstrated their compliance with the requirements of Rule 45. Moreover, where a defendant seeks to compel the deposition testimony of a nonparty residing in a foreign country, certain additional requirements must be met. *See* Fed. R. Civ. P. 45(b)(3); 28 U.S.C. § 1783. It is not clear whether Mr. Chalhoub, who currently resides in Canada, is a citizen or resident of the United States. If not, it appears this Court would lack jurisdiction over him. *See United States v. Haim*, 218 F. Supp. 922, 926 (S.D.N.Y. 1963) ("Although [the] court is empowered to subpoena under specified conditions a United States citizen or resident to testify in proceedings here, the court has no power to compel the attendance of aliens when such are, at the time of the request, inhabitants of a foreign country.").

Because defendants have failed to support their application with relevant authority demonstrating this Court's jurisdiction to provide the relief sought, the motion to compel Mr. Chalhoub's attendance at a deposition is denied, as is their motion for sanctions.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 25, 2011