UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**BOOTH OIL SITE ADMINISTRATIVE GROUP,**

        **Plaintiff,**

v.

                   98-CV-0696A(Sr)

**SAFETY-KLEEN CORPORATION, et al.,**

        **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

  This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #120.

  Currently before the Court is a motion brought by defendants Lonsdale Slater Schofield, Joseph Chalhoub, Breslube Industries, Ltd., Speedy Oil Services, Inc. and Booth Oil Company, Inc. ("moving defendants"), to dismiss the cross claims of defendants Ahsen Yelkin and EC Holdings, Corp. ("EC Holdings"), and for recovery of the costs and fees associated with the filing of this motion. Dkt. #508.

  The moving defendants have settled this matter with plaintiff (Dkt. ##468 & 469), and plaintiff has settled its claims against Ahsen Yelkin and EC Holdings. Dkt. #500. Thus, the cross claims and the award of costs and attorneys' fees arising from

Mr. Yelkin's breach of his May, 2008 oral commitment to negotiate settlement of this matter in good faith (Dkt. #440), are the only outstanding issues in this matter.

In a joint answer filed by Ahsen Yelkin and EC Holdings, defendants asserted two cross claims: (1) contribution pursuant to 42 U.S.C. § 9613(f) and federal or state statutory or common law; and (2) defense and indemnification pursuant to New York Business Corporation Law §§ 721-725 & 1319 based upon Ahsen Yelkin's alleged status as an officer and employee of Breslube Penn, a subsidiary of Breslube Enterprises, Ltd.; Safety-Kleen Oil Services, Inc., a subsidiary of Safety-Kleen Corporation; and of Booth Oil. Dkt. #319, pp.8-12.

**Discovery/Amendment of Cross claims**

Mr. Yelkin argues that "discovery should proceed on the merits of the Cross-Claim; alternatively, [he] should be granted leave to amend the Cross-Claim before the Court determines whether to permit discovery." Dkt. #510, pp.1-2. However, as Mr. Yelkin concedes, his cross claims have been pending since the filing of a joint answer on July 30, 2004 (Dkt. #167), and were reiterated in a joint answer filed February 8, 2008 (Dkt. #319), prior to the April 1, 2008 deadline for completion of discovery set forth in the Court's Amended Case Management Order. Dkt. ##304. Thereafter, the Court permitted limited additional discovery as requested by Mr. Yelkin. Dkt. #477-483. Mr. Yelkin has not suggested that any discovery which may have been required with respect to his cross claims could not have been accomplished during this generous time frame. Moreover, Mr. Yelkin has not proffered good cause for waiting

until this late date to raise the possibility of amendment. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) (Where a party seeks leave to serve an amended pleading past the cut-off date for such motion established by a scheduling order entered under Fed. R. Civ. P. 16(b), it must demonstrate that it was unable to comply with a required deadline despite the exercise of due diligence). Accordingly, there is no basis for further delay of the resolution of this matter.

**Implied Indemnification**

The moving defendants argue that the cross claim fails to articulate a legally cognizable claim for implied or common law indemnification. Dkt. #509, pp.12-17. The moving defendants further argue that any such claim is without merit because the underlying action has been resolved without any determination on the merits or finding of liability against Ahsen Yelkin or EC Holdings and without any imposition of liability against Ahsen Yelkin or EC Holdings for any wrongful acts committed by the moving defendants. Dkt. #509, pp.16-21. Moreover, the moving defendants argue that Ahsen Yelkin and EC Holdings have not alleged that they undertook the performance of a duty which the moving defendants owed to plaintiff. Dkt. #509, pp.21-22.

Mr. Yelkin argues that the cross claims provide fair notice of his intention to pursue common law or implied indemnification of costs incurred in defending the CERCLA and New York State Navigation Law claims based upon his status as an employee performing services for the benefit of Booth Oil and its owners, Mr. Chalhoub

and Mr. Schofield. Dkt. #510, pp.11-14. Mr. Yelkin asserts that this is sufficient to permit this cross claim to proceed and that it is inappropriate to rely upon the current procedural posture of the case to assess the sufficiency of the cross claim. Dkt. #510, p.14.

The Court agrees with the moving defendants that the cross claims do not provide the moving defendants "fair notice" that a claim of common law indemnification was being asserted. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). However, even if such a claim can be inferred, it fails as a matter of law.

The equitable concept of implied indemnification allows "one who was compelled to pay for the wrong of another to recover from the wrongdoer the damages paid to the injured party." *D'Ambrosio v. City of New York*, 55 N.Y.2d 454, 460 (1982). It is a concept frequently employed in favor of one who is vicariously liable for the tort of another." *Rosado v. Proctor & Schwartz*, 66 N.Y.2d 21, 24 (1985); *see McDermott v. City of New York,* 50 N.Y.2d 211, 218 n.4 (1980) ("classic indemnity claim exists . . . in favor of a person who has been held vicariously liable for the tort of another."). Thus, "where the master had been held liable for the tort of his servant, on a theory of *respondeat superior*, but the master was himself free from wrong, the master was entitled to indemnification from his servant." *D'Ambrosio*, 55 N.Y.2d at 460-61; *see also McDermott* , 50 N.Y.2d at 218 n.4 ("an employer who has been cast in damages, by virtue of *respondeat superior*, may obtain indemnity from his employee."). Other examples where implied indemnification may be sought include the owner of a motor vehicle seeking recovery from a negligent driver or the owner of a building seeking

recovery from an independent contractor who undertook exclusive responsibility for maintenance of the building. *Id.* at 462.

The fundamental flaw in Mr. Yelkin's claim for implied indemnification is that an employee does not incur liability for an employer's wrongdoing. In other words, there is no legal basis to hold Mr. Yelkin liable for the actions of the moving defendants, nor did the second amended complaint attempt to allege such liability. To the contrary, the second amended complaint sought to hold Mr. Yelkin liable based upon his own actions as an operator of the site and as a person who caused or contributed to a discharge of petroleum at the site. Dkt. #317, ¶¶ 148 & 152. Whether such actions were undertaken as an employee of Breslube Penn, Safety-Kleen Oil Services, Inc., or Booth Oil is immaterial, as Mr. Yelkin would be precluded from seeking indemnification from the moving defendants if his actions violated CERCLA or the New York State Navigation Law. *See Glaser v. Fortunoff of Westbury Corp.*, 71 N.Y.2d 643, 646-47 (1988) ("where a party is held liable at least partly because of its own negligence, contribution against other culpable tort-feasors is the only available remedy."); *Trustees of Columbia Univ. v. Mitchell/Giurgola Assocs.*, 109 A.D.2d 449, (1st Dep't 1985) ("Since the predicate of common law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine.").

In any event, CERCLA preempts common law indemnification claims. *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 139 (2d Cir. 2010); *Bedford Affiliates v. Sills*, 156 F.3d 416, 427 (2d Cir. 1998), *overruled on other grounds by W.R. Grace & Co.-Conn. v. Zotos Int'l, Inc.,* 559 F.3d 85 (2d Cir. 2009); *New York v. Next Millennium Realty, LLC*, No. CV-0305985, 2008 WL 1958002, at *8-9 (E.D.N.Y. May 2, 2008) (granting motion to dismiss state law indemnification claims asserted between potentially responsible parties to a CERCLA action based upon conflict preemption). Accordingly, it is recommended that the motion to dismiss the cross claims of defendants Ahsen Yelkin and EC Holdings, be granted.

**Sanctions**

The moving defendants seek costs and attorney's fees incurred in moving to dismiss the cross claims as a sanction for Ahsen Yelkin's and EC Holdings' bad faith in pursuing these cross claims and explicit attempt to coerce the moving defendants to forego recovery of costs and fees awarded by Judge Arcara following his determination (Dkt. #440), that Mr. Yelkin failed to engage in settlement negotiations in good faith in return for withdrawing the cross claims. Dkt. #509, pp.23-24. In support of their allegations, moving defendants cite to an e-mail from Mr. Yelkin's counsel dated January 19, 2011, inquiring whether the moving defendants "would be willing to consider releasing their claim for attorney fees in exchange for a release from Mr. Yelkin of his cross-claims against your clients for contribution and indemnity, as set forth in the Joint Answer." Dkt. #508-1, p.16.

Mr. Yelkin opposes the request for sanctions on the ground that he had no obligation to abandon his cross claims. Dkt. #510, p.15. He also notes that the moving defendants failed to comply with the procedural prerequisites set forth in Rule 11(c)(2) of the Federal Rules of Civil Procedure. Dkt. #510, p.16. Finally, Mr. Yelkin argues that there is insufficient evidence for the Court to find bad faith or improper conduct as required for sanctions pursuant to 18 U.S.C. § 1927 or the Court's inherent authority. Dkt. #510, p.17.

Although Mr. Yelkin's claim of implied indemnification is without merit, sanctions are not recommended.

**Costs & Attorney's Fees**

By Decision and Order entered April 16, 2010, the Hon. Richard J. Arcara determined that Ahsen Yelkin breached his duty to negotiate in good faith the outstanding details of a mediated oral agreement of settlement. Dkt. #440. As damages for this breach, the moving defendants were directed to provide the Court "with an itemization of costs and expenses incurred as a result of Mr. Yelkin's breach, including costs spent negotiating and finalizing the terms of a settlement agreement that Mr. Yelkin now claims he never intended to be binding, as well as costs incurred in bringing the instant motions." Dkt. #440, p.25.

Upon review of the affirmation of costs, with billing details, filed by Joseph Chalhoub (Dkt. #445);[1] Booth Oil Company (Dkt. #447); and Lonsdale Slater Schofield (Dkt. #448), the Court finds the hours billed sufficiently detailed and appropriately limited to the scope of the Judge Arcara's award of damages, with the possible exception of Booth Oil Company's charges of 4/23/2008; 4/24/2009; 5/2/2008; and 9/8/2008 totaling 4.6 hours and $287 disbursements relating to tax returns and depositions, which will be removed from the recommended award in an abundance of caution. Moreover, the Court finds the hourly rates charged by counsel, *to wit*, $200[2] and $225, to be commensurate with counsel of similar experience, skill and reputation in this community. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). However, the Court is of the opinion that the cost of legal research is inherent in the cost of doing business for an attorney and should not be separately reimbursable. Accordingly, it is recommended that Ahsen Yelkin be ordered to pay the following damages:

      $32,631.54 to Joseph Chalhoub;

      $13,496.86 to Booth Oil Company; and

      $20,053.25 to Lonsdale Slater Schofield.

---

[1] Although Joseph Chalhoub's motion to seal was granted (Dkt. #498), it does not appear that the billing detail was electronically filed.

[2] Counsel for Lonsdale Slater Schofield utilized associate counsel at an hourly rate of $125. Dkt. #448.

## **CONCLUSION**

For the foregoing reasons, it is recommended that the moving defendants' motion (Dkt. #508), be granted in so far as it seeks dismissal of the cross claims of defendants Ahsen Yelkin and EC Holdings, and denied in so far as it seeks recovery of the costs and fees associated with the filing of this motion and it is further recommended that the Court award the following damages for Ahsen Yelkin's breach of his duty to negotiate in good faith the remaining terms of a mediated oral agreement of settlement:

$32,631.54 to Joseph Chalhoub;

$13,496.86 to Booth Oil Company; and

$20,053.25 to Lonsdale Slater Schofield.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED: Buffalo, New York
November 27, 2012

  s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**